UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BENITA BLESSING<br>8155 N. Coolidge Ridge Rd.<br>Athens, OH 45701 | : | Case No. 2:09 cv 762 |
| Plaintiff, | : | Judge   JUDGE SARGUS |
| vs. | : | MAGISTRATE JUDGE ABEL |
| OHIO UNIVERSITY<br>Bentley Annex<br>Athens, Ohio 45701 | : | |
| Defendant. | : | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Dr. Benita Blessing, for her Complaint against Ohio University states as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil action brought by Dr. Benita Blessing against her employer, Ohio University. The suit arises out of the University's purposeful discrimination against Dr. Blessing on account of her gender as well as the University's intentional and malicious retaliation against Dr. Blessing for her having filed a formal grievance with the University complaining about gender discrimination.

2. Dr. Blessing seeks compensatory damages for the economic and non-economic damages she has suffered as a proximate result of the University's actions as well as punitive damages, costs and reasonable attorney fees.

## II. JURISDICTION AND VENUE

3. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331 because Plaintiff's claims arise under the laws of the United States.

4. Venue with this Court is appropriate pursuant to 28 U.S.C. 1391.

## III. STATUTORY PRE-CONDITIONS

5. On July 16, 2008, Dr. Blessing filed charge no. 532-2008-01580 with the Equal Employment Opportunity Commission against Ohio University alleging sex discrimination, retaliation and disability discrimination. (Exhibit A, attached).

6. On June 3, 2009, the U.S. Department of Justice issued a notice stating that Dr. Blessing had the right to institute a civil action against the University with respect to the claims she raised in charge of discrimination no. 532-2008-01580. (Exhibit B, attached).

## IV. PARTIES

7. Plaintiff, Dr. Benita Blessing, is a United States citizen who resides in Athens County, Ohio. Dr. Blessing is an associate professor in the Department of History at Ohio University.

8. Defendant, Ohio University, is a state operated university located in Athens, Ohio. Ohio University is now and was at all times relevant hereto Dr. Blessing's "employer" as that term is defined in 42 U.S.C. 2000e(b).

## V. STATEMENT OF THE CASE

9. In or about 2002, Ohio University hired Dr. Blessing to serve as an associate professor in the school's History Department. Dr. Blessing was the first European women's and gender historian the department had ever hired.

10. In her capacity as a women's history and gender professor, Dr. Blessing worked to build course offerings and pursue a research agenda focusing on historical events from a feminine perspective. Dr. Blessing made a conscientious and vocal effort to avoid what she viewed to be the traditional patriarchal teaching methods utilized by many of her colleagues and openly criticized conventional male scholarship. In 2007 Dr. Blessing received the "University Professor" award, a school wide honor given to five student-nominated professors each year to recognize excellence in teaching.

11. Throughout her tenure at the University, the actions of Dr. Blessing's colleagues evidenced a gender bias against her in a variety of ways. For example, in or about September 2007, members of the Ohio University History Club "OUHA" requested that Dr. Blessing replace their current advisor. Although she followed all applicable University rules in assuming the role of advisor and was duly elected by the club's members, when she received her merit evaluation the following February she was docked a significant number of points for what the Department perceived as "taking over" the club. A colleague later informed her that certain members of the Department were concerned that Dr. Blessing was attempting to convert the club into a feminist history association.

12. Other problems with her February, 2008 evaluation included the fact that the department had underestimated the number of students Dr. Blessing taught in her gender classes, thereby lowering her merit score for teaching. The evaluation also criticized her "approach" to gender courses, a comment that Dr. Blessing construed to be an attack on her female pedagogical practices. These negative marks negatively affected Dr. Blessing's merit pay during the subsequent school year.

13. On February, 19, 2008, in a private meeting between Dr. Blessing and the then-Chair of her Department, Dr. Norman Goda, Dr. Blessing expressed concern that she the department had discriminated against her on account of her gender by giving her an unwarranted low score on her February merit evaluation. Dr. Goda informed her that while he would address her complaints with regard to the merit evaluation, he was not being paid enough to address gender discrimination issues.

14. Shortly after registering her complaint with Dr. Goda, Dr. Blessing received several sharply worded communications from him questioning her professionalism and a number of her colleagues began to purposefully alienate her from the rest of the Department. A professor from another department at the University informed her that her name had become "mud" in the History Department for trying to "take on the men." One week later Dr. Blessing received two Harlequin Romance novels in her University mailbox.

15. On account of what Dr. Blessing perceived to be an increasingly hostile work environment following her Complaint to Dr. Goda, on March 7, 2008, Dr. Blessing filed a formal grievance with Katherine Ziff, Director of the University's Institutional Equity Office, stating her concern that her colleagues in the History Department were discriminating against her on account of her gender. University officials, including but not limited to Dr. Goda and Benjamin Ogles, Dean of the College of Arts and Sciences, were aware that Dr. Blessing filed the complaint with Institutional Equity.

16. On May 8, 2009, Dr. Blessing received a memorandum from Dr. Goda alleging that she had engaged in "troublesome and unprofessional behavior" with students that constituted violations of the University Faculty Handbook. Included in the memorandum were allegations that she had acted improperly by assuming advisor

duties for OUHA. One month later additional charges were added to the allegations; Dr. Blessing is currently defending against an ethics investigation as a result.

17. Shortly thereafter, on June 9, 2008, Dr. Blessing received another letter from Dr. Goda, this one informing her that she would not be re-appointed to her professorship following the 2009-2010 school year.

18. As a direct and proximate result of the actions of the University, Dr. Blessing has suffered economic injuries in the form of diminished merit pay, attorney fees and costs incurred in defending against the ethics investigation and appealing the non-reappointment decision, as well as non-economic injures for emotional pain and suffering including damage to her reputation and professional career as a college professor.

19. The actions of the University in discriminating against Dr. Blessing on account of her gender and then retaliating against her when she complained about the same were committed intentionally, purposefully and maliciously.

## VI. STATEMENT OF THE CLAIMS

### COUNT ONE: GENDER DISCRIMINATION

20. Dr. Blessing reiterates and incorporates by reference paragraphs 1 - 19 as if fully rewritten herein.

21. The actions of Ohio University constitute violations of Dr. Blessing's rights under Title VII of the Civil Rights Act of 1964 to be free from discrimination on account of her sex in the terms and conditions of her employment.

### COUNT TWO: RETALIATION

22. Dr. Blessing reiterates and incorporates by reference paragraphs 1 – 21 as if fully rewritten herein.

23. The actions of Ohio University constitute violations of Dr. Blessing's rights under Title VII of the Civil Rights Act of 1964 to be free from retaliation for opposing acts of discrimination or engaging in other activity protected by Title VII.

## VII. DEMAND FOR RELIEF

WHEREFORE, Plaintiff Dr. Benita Blessing demands Judgment against Ohio University as follows:

a. A judgment reinstating Dr. Blessing to a full time tenure track position at the University at a rank and salary commensurate with her qualifications, or in the alternative, an award of front pay;

b. A judgment for Dr. Blessing's economic damages in an amount to be determined at trial;

c. A judgment for Dr. Blessing's non-economic injuries for pain and suffering including damage to her personal and professional reputation in an amount to be determined at trial;

d. A judgment for punitive damages in an amount to be determined at tria;

e. A judgment for an award of Plaintiff's reasonable attorney fees and costs;

f. A judgment for such other relief in law or in equity which are appropriate under the premises.

Respectfully submitted,

THE LAW OFFICE OF MARC MEZIBOV, INC.

Marc D. Mezibov (OH No. 0019316)
Susan M. Lawrence (OH No. 0082811)
401 East Court Street, Suite 600
Cincinnati, OH 45202
Phone: 513.621.8800
Fax: 513.621.8833
mmezibov@mezibov.com
slawrence@mezibov.com

Attorneys for Plaintiff Dr. Benita Blesssing

**JURY DEMAND**

Plaintiff, Dr. Benita Blessing, demands a jury trial for all issues of fact in connection with her Complaint.

_____
MARC D. MEZIBOV (Ohio Bar No. 0019316)

- 7 -