IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Benita Blessing, | : | |
| Plaintiff | : | Civil Action 2:09-cv-00762 |
| v. | : | Judge Sargus |
| Ohio University, | : | Magistrate Judge Abel |
| Defendant | : | |

## PRELIMINARY PRETRIAL ORDER

A preliminary pretrial was held December 17, 2009.  Counsel for all parties appeared.

## Rule 26(a)(1) disclosures.

The parties will make their Rule 26(a)(1) disclosures on or before **January 22, 2010.**

## Jurisdiction and venue.

Venue is proper in the Southern District of Ohio, Eastern Division. Jurisdiction is alleged under 28 U.S.C. § 1331. There are no contested issues involving personal jurisdiction, subject matter jurisdiction, or venue.

## Amendments to pleadings.

Any stipulation/motion for leave to amend the pleadings and/or add parties must be filed on or before **March 1, 2010.**

## Allegations in the pleadings.

The complaint makes the following allegations. Ohio University discriminated against Dr. Benita Blessing in her employment because of her gender and maliciously retaliated against her for filing a formal grievance about gender discrimination. In 2002, Ohio University hired Dr. Blessing as an associate professor in its History Department. She was the first European history and gender historian the department had ever hired. Dr. Blessing designed courses and pursued research focused on historical events from a feminine perspective. She challenged the traditional patriarchal teaching methods employed by many of her colleagues and openly criticized conventional male scholarship. In 2007, Dr. Blessing received the student-nominated "University Professor" award recognizing excellence in teaching. Nonetheless, she received less than favorable evaluations because of her gender. She was perceived as "taking over" the Ohio University History Club and attempting to convert it into a feminist history association. Her February 2008 evaluation underestimated the number of students in her gender classes and criticized her "approach" to gender courses. After she filed a formal grievance alleging gender discrimination, the Department chair wrote Dr. Blessing a memo that said she engaged in "troublesome and unprofessional behavior with students in violation of the Faculty Handbook. In June 2008, Ohio University informed Dr. Blessing that she would not be re-appointed to her professorship for the 2009-2010 school year.

Defendant denies gender discrimination. The decision not to grant Dr. Blessing tenure was by unanimous vote of her history department colleagues.

**Experts' disclosures[1].**

Any expert who may give evidence supporting a party's claims or defenses must make his or her Rule 26(a)(2) disclosures no later than **April 15, 2010**.  Any responsive experts' Rule 26(a)(2) disclosures must be made no later than **June 1, 2010.**

**Rule 26(e)(2) supplementation.**

Under the provisions of Rule 26(e)(2), Fed. R. Civ. P., the parties are under a duty "seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing."  The parties are **directed** to review their responses to written discovery on or before **May 19, 2010** and promptly make any supplemental disclosures required by Rule 26(e)(2).

**Discovery and case-dispositive motions deadlines.**

All non-expert discovery, except damages discovery, must be completed by **June 30, 2010**.  Case-dispositive motions must be filed on or before **August 2, 2010**. Expert discovery and damages discovery must be completed no later than **30 days before trial.**

---

[1] Ordinarily plaintiff's experts make their Rule 26(a)(2) disclosures, then defendant's experts respond with their disclosures.   But when a plaintiff truly intends to offer no expert testimony supporting his or her claims (but the defendant chooses to offer expert testimony on them) or a defendant intends to support a defense with expert testimony, then the defendant's experts must make their disclosures by the first deadline.  Rebuttal experts are strictly limited to rebutting unanticipated opinions expressed by a responsive expert.

**Rule 26(a)(3) disclosures.**

The parties must make and file with the Court the disclosures required by Rule 26(a)(3)(A), Fed. R. Civ. P., no later than **30 days prior to the date noticed for the final pre-trial conference**. Rule 26(a)(3)(B), Fed. R. Civ. P. Alternatively, by agreement the parties may chose to make their Rule 26(a)(3) disclosures in the final pretrial order.

**Attorneys' fees.**

The complaint prays for an award of attorney fees. To facilitate settlement evaluation, plaintiff's counsel is DIRECTED to quarterly report to defense counsel the number of hours of legal services rendered and the rate(s) at which those services are billed. The first quarterly report should cover all services rendered through **December 31, 2009**.

**Settlement.**

Plaintiff will make a settlement demand no later than **April 1, 2010**. Defendant will respond to that demand no later than **April 15, 2010**. The parties will participate in the **June 2010 Settlement Week**. If any party later concludes that mediation then would not assist the parties, that party should contact opposing counsel and call my office (614-719-3370) no later than **April 23, 2010** to set up a telephone conference with all counsel to ask the Court not to notice this case for mediation then. Counsel should also be prepared to discuss the status of discovery and whether the mediation should be rescheduled to a later date.

Alternatively, counsel may contact the Court's mediator Bob Kaiser through the

Mediation Administrator Teresa Mack (513.564.7330 or [teresea_mack@ca6.uscourts.gov](mailto:teresea_mack@ca6.uscourts.gov)) to schedule a mediation. Information about Mr. Kaiser as well as information about how he conducts mediations and his rules and requirements for mediation are available at <http://www.ohsd.uscourts.gov/mediation.html>.

s/Mark R. Abel
United States Magistrate Judge
