IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BENITA BLESSING,                                      : | |
|       Plaintiff,                                               : | Case No. 2:09-CV-762 |
| v.                                                                  : | JUDGE SARGUS |
| OHIO UNIVERSITY,                                      : | MAGISTRATE JUDGE ABEL |
|       Defendant.                                          : | |

**PROTECTIVE ORDER**

      This matter is before the Court pursuant to the parties' Joint Motion for Protective Order (Doc. 21). Whereas discovery in this matter will include the production of confidential information, including information that relates to past or present students of Ohio University, some of which may constitute information protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g ("FERPA"), and for good cause shown, this Court GRANTS the motion (Doc. 21) and hereby adopts and enters the following Protective Order:

      1.      This Protective Order governs the use and protection of Confidential Discovery Material produced by or obtained by any party in the course of, or for use in, the above-entitled action, together with any and all information contained therein.

      2.      The parties agree that they shall use the Confidential Discovery Material described herein only for the purposes of preparing for and conducting proceedings in this action, and only in the manner prescribed herein.

      3.      "Confidential Discovery Material" includes both (a) Discovery Material that is designated "Confidential" pursuant to paragraph 4 of this Protective Order, and (b) Confidential Student Information that is confidential pursuant to paragraph 5 of this Protective Order.

      4.      Each party to this action may designate Discovery Material that is produced by any party

or third party, or any testimony in any deposition or hearing conducted in this action, as "Confidential" (collectively "Confidential Discovery Material"), provided that such Discovery Material is of a confidential, proprietary or trade secret nature, and/or contains Confidential Student Information. Confidential Discovery Material may include, but is expressly not limited to, documents, tangible things, deposition testimony, deposition exhibits, electronically stored information, e-mail, voice mail and digitally imaged information, or any other written, recorded or graphic matter, or information contained in an electronic data base, stored media or computer server, as well as any notes, oral or written summaries, abstracts or excerpts therefrom.

Subject to the provisions of Paragraph 6 of this Protective Order:

(a) In the case of documents or tangible things produced by the party making the designation, the designation shall be made in writing, on the face of each designated document or tangible thing (if possible), at the time such document or tangible thing is produced and/or reproduced by the party;

(b) In the case of documents or tangible things that cannot be designated on their face as "Confidential," the party making the designation shall make the designation in writing to the remaining parties to the action, within a reasonable time after production, identifying with specificity the documents or tangible things to be deemed Confidential Discovery Material;

(c) In the case of documents or tangible things produced by another party, or a person or entity not a party to this action, the party making the designation shall make the designation in writing to the remaining parties to the action, within a reasonable time after the designating party's receipt of such documents or tangible things, identifying with specificity the documents or tangible things to be deemed Confidential Discovery Material; and,

      (d)    In the case of deposition or hearing testimony or any portion thereof, the designation shall be made on the record at the deposition or hearing, or in writing to the remaining parties to the action, within a reasonable time after the designating party's receipt of any transcript thereof.

5.    Confidential Student Information includes, but is not limited to, education records and other personal information of such a nature that it is generally maintained, or which is subject to any requirement that it be maintained, confidential.

All Discovery Materials containing Confidential Student Information shall automatically be deemed to be Confidential Discovery Materials pursuant to this Protective Order, regardless of whether or not the Discovery Material actually has been designated "Confidential" pursuant to this Protective Order. Notwithstanding the foregoing, it is the preference of this Court and the parties that Confidential Student Information be specifically designated as "Confidential" in the manner set forth in this Protective Order.

6.    Any Confidential Discovery Material that is inadvertently produced without written notice or designation of its restricted nature may be so designated by the producing party within a reasonable time following the discovery that such Material was produced without appropriate designation. Further, any Discovery Material that was produced prior to entry of this Protective Order may be designated as Confidential Discovery Material within fourteen (14) days after entry of this Protective Order.

7. Confidential Discovery Material shall not be disclosed to or discussed with any person by the party that receives such Confidential Discovery Material except:

 (a) Parties and counsel for the parties and such employees and agents of such counsel (including legal assistants and other persons employed and supervised by such counsel) as are necessary to assist such counsel in the conduct of this action;

 (b) Any person hired by a party for the purpose of giving advice or testimony in this proceeding, provided that Confidential Discovery Material may not be disclosed to or used by such person for any purpose whatsoever other than to give advice or testimony in this matter, and further that such individual has previously read and executed the Undertaking attached below as Exhibit A, which Undertaking expressly provides that the executing party consents to, and waives all objections to, this Court exercising jurisdiction over such signatory for purposes of enforcing this Protective Order and for resolution of all disputes arising out of or related to this Protective Order, which shall include, without limitation, injunctive relief to prevent, or prescribe the terms of, use or disclosure of Confidential Discovery Material;

 (c) The Court; and

 (d) Witnesses called at deposition, trial, or other hearing or proceeding in this action.

In the event that any individual executes the Undertaking attached below as Exhibit A, such Undertaking shall be provided to counsel of record for the opposing party within thirty (30) days of such execution. Further, Confidential Discovery Material shall not be reproduced, disclosed, or disseminated except as may be consistent with the provisions of this Protective Order.

8. Nothing in this Protective Order shall prevent any party or non-party from seeking modification of this Protective Order, including but not limited to, the right to apply to the Court for a ruling that additional individuals may review Confidential Discovery Material, except that in all cases the parties shall first make such request for modification in writing to the other party so that the parties might resolve any such requests for modification in good faith on an informal basis before seeking resolution by the Court. Absent agreement and/or modification by the Court, and without limiting the restrictions in paragraph 7(a)-(d), Confidential Discovery Material, the substance of Confidential Discovery Material, and/or any information derived therefrom shall not be made available to any person or entity not expressly contemplated hereunder.

9. A party may withdraw its own "Confidential" designation of any Discovery Material, except to the extent it contains Confidential Student Information, in a writing served upon the parties to this action that specifically identifies the Discovery Material that shall no longer be treated as "Confidential" pursuant to this Protective Order. Furthermore, at any time no later than thirty (30) days after the close of discovery, any party may object to the designation or treatment of Discovery Material as "Confidential" and/or request that a designating party withdraw the "Confidential" designation. Such objection and/or request must be by a writing served upon the parties to this action that specifically identifies the Discovery Material at issue, and states the objection to the designation or other grounds for requesting withdrawal of the designation.

If the objecting and designating parties are unable to resolve their differences in the manner set forth above in paragraph 9 of this Protective Order, the objecting party may file an appropriate motion requesting that this Court order that the specified Discovery Material shall not be subject to the protection of this Protective Order, provided, however, that prior to filing such motion the objecting party has made a good faith effort to resolve the dispute with the designating party, and has allowed the designating party a reasonable amount of time, not less than ten (10) business days, to respond to the

5

written objection described above in paragraph 9 of this Protective Order. The party that designated material as "Confidential" shall have the burden of establishing that the information is of a confidential, proprietary or trade secret nature, and/or contains Confidential Student Information. The disputed material shall remain subject to all of the terms of this Protective Order until the parties agree or this Court rules otherwise.

If any Discovery Material that has been designated "Confidential" is to be included in any papers or materials filed with this Court in this action, such papers or materials will be filed in a manner authorized by the Federal Rules of Civil Procedure and this Court's Local Rules and practices. Notwithstanding the foregoing, if the Confidential Student Information or other Confidential information may be redacted from the Discovery Material, then a copy of the redacted Discovery Material, with all Confidential Student Information or other Confidential information redacted, may be included in any papers filed with this Court in this action, and such redacted copies need not be filed under seal.

10. Except to the extent required by law, Confidential Discovery Material shall not be considered a "public record" pursuant to Ohio Revised Code § 149.43.

11. Nothing in this Protective Order shall prevent any party from disclosing Confidential Discovery Material that has been produced by that party, and which has not been designated Confidential by another party, in any appropriate manner. Such disclosure shall not be deemed a waiver of any other party's obligations under this Protective Order. The provisions of this Protective Order shall, without written permission of the producing party or further order of this Court, continue to be binding on all Confidential Discovery Material after the conclusion of this litigation, and this Court shall have and retain jurisdiction for purposes of enforcing this Protective Order.

12. Promptly upon the conclusion of this action and at the request of any party, all Confidential Discovery Materials shall be returned to the party that produced such materials or, upon

the election of the producing party, shall be destroyed by the party that received them; provided, however, that a party who destroys such materials shall certify such destruction in writing to the party who produced them. Parties and Counsel may retain correspondence, their privileged or work-product material or other internal documents, any documents required to be maintained by applicable law or document retention policies, and copies of briefs and other papers filed with the Court in this action which contain Confidential Discovery Material or information derived from such Confidential Discovery Material, so long as such materials are maintained in accordance with the provisions of this Protective Order.

13. No party shall be deemed as a result of this Protective Order, or any production pursuant to it, to have waived any objection to disclosure of any Discovery Material, or to have waived any other right, defense or objection that otherwise might be interposed in this action. Further, and without limitation to the above reservation of rights, the parties expressly reserve any and all objections to the use of any Discovery Material in any proceeding other than the captioned case.

14. If any person or entity who is not a party to this action serves any party with a subpoena or other compulsory process seeking disclosure of any material designated as Confidential Discovery Material by any other party, the party who receives such subpoena or compulsory process shall give written notice (including a copy of the subpoena or compulsory process) within seven (7) business days after receipt thereof to the attorneys for the party who designated such materials as Confidential Discovery Material. In no event shall the party receiving such subpoena or compulsory process disclose any Confidential Discovery Material before a reasonable time, no less than seven (7) business days, has elapsed following the provision of notice to the party who produced such Confidential Discovery Material.

15. This Protective Order is without prejudice to the right of any party to seek relief from or modification of any provisions contained in this Protective Order by motion to the Court.

16. The parties hereto may modify the provisions of this Protective Order upon motion and subsequent order of this Court.

IT IS SO ORDERED.

                                              s/Mark R. Abel
                                              UNITED STATES MAGISTRATE JUDGE

EXHIBIT A

## UNDERTAKING

The undersigned has read the Protective Order entered by Magistrate Judge Abel in *Blessing v. Ohio University*,, United States District Court for the Southern District of Ohio, Case No. 2:09-CV-762, understands its contents, and hereby undertakes to make no disclosure of any "Confidential Discovery Material" (as that term is defined in the Protective Order) or information derived therefrom to any person who is not permitted to have access to such Confidential Discovery Material under the terms of the Protective Order. In addition, the undersigned agrees not to use any such Confidential Discovery Material or information derived therefrom for any purpose whatsoever other than permitted under the terms of the Protective Order. At the conclusion of this lawsuit and at the request of any party, the undersigned agrees to return to counsel who retained or involved the undersigned in this lawsuit all Confidential Discovery Material and any notes and/or memoranda made in the course of this lawsuit that contain or disclose Confidential Discovery Material or information derived therefrom.

The undersigned expressly consents to, and waives all objections to, the United States District Court for the Southern District of Ohio exercising jurisdiction over the undersigned for purposes of enforcing the Protective Order and for resolution of all disputes arising out of or related to the Protective Order, which shall include, without limitation, injunctive relief to prevent, or prescribe the terms of, use or disclosure of Confidential Discovery Material.

Date:_____  Name:_____
(Print or Type)

Signature:_____

Sworn and subscribed before me this _____ day of _____, 20___.

Notary Public:_____